JAMES L. BLANCHARD, Respondent, *v.* DAYTON NOTEWARE, Appellant.

Third Department, January 7, 1942.

*James A. Cusick,* for the appellant.

*Stanley Bliss* [*Howard Zeller* of counsel], for the respondent.

SCHENCK, J. On October 21, 1940, plaintiff-respondent was injured as the result of being struck by a number of birdshot fired from a shotgun. The accident occurred on the opening day of the pheasant season in the township of Hamilton, Madison county, in the vicinity of the abandoned Chenango Canal where a number of persons, including plaintiff, were hunting. Defendant was a member of a hunting party and at the time of the accident was hunting in the bed of the canal with one Riker, while plaintiff was hunting along the bank, which was about six feet higher than the canal bottom. Brush and weeds grew in the canal bottom as well as along the bank. A pheasant was flushed from the bed of the canal and flew in the direction of plaintiff. Riker and defendant shot at the bird, both shots being very close together. Some forty shot struck plaintiff.

Upon the trial, plaintiff contended that the discharge of shot from defendant's gun caused his injuries and that the defendant was negligent in the operation and use of his gun at that time and

place.   Defendant, on the other hand, maintained that the shot from his gun did not strike the plaintiff and that the injury sustained was the result of his having been struck by shot from the gun of some other person or persons.   The jury, by a ten to two vote, rendered a verdict in favor of the plaintiff in the sum of $600.

The verdict is against the weight of the evidence.   Riker was not a member of defendant's hunting party, but at the time of the accident he and defendant were hunting in the bed of the abandoned canal, which is approximately fifty feet in width at the place where the accident occurred.   Defendant and Riker discharged their guns at the same bird at about the same instant, the two shots sounding " almost as one."

At the trial the plaintiff testified that he identified the defendant as the person who discharged the gun which caused his injuries. However, while in the hospital, six days after the occurrence of the accident, he stated to a corporal of the State Police that he did not know who had shot him and that while there were two hunters in the bed of the canal at the time, he could not identify either as the person responsible.   He also stated to the police officer that he did not believe either of the hunters in the canal could have seen him when the shots were fired.

The evidence is uncontradicted that the defendant on the day of the accident was using shells loaded with No. 6 shot.   Likewise, the evidence is uncontradicted that Riker was using shells loaded with No. 4 shot.   A State game protector operating in the vicinity of the accident had a conversation with plaintiff eight days after the accident.   At that time the plaintiff told him that he had been struck by forty-two No. 4 shot.   The shot removed from plaintiff's body were not produced at the trial.   Clearly, if plaintiff was struck by No. 4 shot, defendant was not responsible, as his gun was loaded with shells containing No. 6 shot, which he had purchased the morning of the accident, and he had no other shells in his possession.   On the other hand, Riker testified that he was using shells loaded with No. 4 shot at the time he fired at the pheasant.

The plaintiff was required to exercise reasonable care.   From his own testimony he saw defendant and his party hunting in the bed of the canal and saw the pheasant while it was still on the ground.   He gave no warning to the defendant of his presence. True, defendant was also required to exercise that degree of care that a reasonably prudent man would exercise in the same circumstances, but he did not see plaintiff hunting on the canal bank and could not reasonably be expected to announce his presence and that he was about to shoot at a flying bird.

The judgment and order appealed from should be reversed and a new trial ordered, with costs to abide the event.

HILL, P. J., CRAPSER, BLISS and HEFFERNAN, JJ., concur.

Judgment and order appealed from reversed on the law and facts, and a new trial ordered, with costs to abide the event.